UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIK CHOLAKHIAM, by and through his Next Friend IRINA CHOLAKHIAM,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | No.  1:26-cv-01204-JLT-CDB (HC)<br><br>ORDER GRANTING IRINA CHOLAKHIAM'S MOTION TO APPEAR AS PETITIONER'S NEXT FRIEND<br><br>(Doc. 2)<br><br>ORDER APPOINTING COUNSEL FOR NEXT FRIEND IRINA CHOLAKHIAM<br><br>ORDER REQUIRING RESPONDENTS TO FILE A RESPONSE<br><br>ORDER SETTING BRIEFING SCHEDULE<br><br>ORDER DENYING NEXT FRIEND IRINA CHOLAKHIAM'S MOTION FOR EXPEDITED CONSIDERATION<br><br>(Doc. 3)<br><br><u>Clerk of the Court to Serve Federal Defender</u><br><br>**21-Day Deadline** |

Non-party Irina Cholakhiam, proceeding pro se, initiated this action on February 11, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 on behalf of her spouse, Petitioner Amik Cholakhiam ("Petitioner"), as well as motions for next friend standing and for expedited consideration.  (Docs. 1-3).  Ms. Cholakhiam represents that her husband currently is

1

detained by Immigration and Customs Enforcement ("ICE") at Mesa Verde ICE Processing Center in Bakersfield, California. (Doc. 1 ¶ 3). Respondents are Kristi Noem (Secretary, U.S. Department of Homeland Security), Pamela Bondi (Attorney General of the United States), Todd M. Lyons (Acting Director, ICE), Orestes Cruz (Acting Field Office Director of ICE Enforcement and Removal Operations at San Francisco Field Office), and the unnamed Warden of Mesa Verde ICE Processing Center. *Id.* ¶ 4.

**Order on Motion for Next Friend Standing and Appointing Counsel**

A petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242.

A person acting on behalf of the individual for whom the petition is filed is known as a "next friend." *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "A 'next friend' does not [herself] become a party to the habeas corpus action in which [she] participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* The person seeking to proceed as a "next friend" on behalf of another must meet two prerequisites: (1) the "'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate," as well as "have some significant relationship with the real party in interest." *Id.* at 163-64 (citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164.

"[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases); *see Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.") (citation omitted); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (same). That rule applies in habeas proceedings. *See United States v. Caputo*, No. 1:14-cr-00041-JLT-SKO-1, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023) ("Although the federal

habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances, … the statute does not authorize the 'next friend' to proceed without an attorney."); *Hinojosa v. Warden, SATF/SP*, No. 2:22-cv-1780 DB P, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023) (same), *recommendation adopted*, 2023 WL 4711303 (E.D. Cal. July 24, 2023).

Local Rule 183(a) provides in relevant part:

> Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

E.D. Cal. Local Rule 183(a).

Here, Ms. Cholakhiam has met the prerequisites to proceed as a "next friend" of behalf of her spouse, Petitioner. Ms. Cholakhiam filed the petition on behalf of Petitioner and she adequately explains that Petitioner, who is currently detained at the Mesa Verde ICE Processing Center, is "unable to personally file pleadings in this matter due to severe restrictions on access to legal mailing, legal materials, and court resources" which "prevent Petitioner from timely and meaningfully accessing this Court on his own behalf[,]" thereby satisfying the first factor in demonstrating why Petitioner is unable to appear on his own behalf. (Doc. 2 at 2); *Whitmore*, 495 U.S. at 163-64. Ms. Cholakhiam's representations that she has a "significant, pre-existing relationship" with Petitioner as his spouse and that she is "fully dedicated" to his best interests satisfies the second prerequisite under *Whitmore*. *Id.*

Although Ms. Cholakhiam has met the prerequisites to proceed with "next friend" status under *Whitmore*, she herself must be represented by counsel in order to proceed as a "next friend" as a pro se litigant has no authority to appear on behalf of anyone but herself. *Hinojosa*, 2023 WL 2874169 at *2.

There is no constitutional right to counsel in federal habeas proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993).

However, the Criminal Justice Act 18 U.S.C. § 3006A, authorizes the Court to appoint counsel for a financially eligible person who seeks relief under § 2254 when the "court determines that the interest of justice so require." *Id*. at § 3006A(a)(2)(B); *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (prisoners not entitled to appointed counsel "unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."). Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the Court to appoint counsel: (1) where discovery is authorized on a showing of good cause and counsel is deemed "necessary" to facilitate effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted for the disposition of a petition. *See* Habeas Rules 6(a) and 8(c).[1]

Notwithstanding Ms. Cholakhiam did not file a motion for the appointment of counsel, because the Court finds Ms. Cholakhiam's petition filed on behalf of Petitioner raises due process concerns regarding Petitioner's detention as set forth below, and Ms. Cholakhiam has satisfied her burden to establish the propriety of her "next friend" status, the Court finds that the interest of justice here require the Court to appoint counsel for Ms. Cholakhiam so she may proceed as "next friend" on behalf of Petitioner. Therefore, the Court will appoint counsel for Ms. Cholakhiam and recognize her as Petitioner's "next friend" to pursue this action on behalf of Petitioner.

**Preliminary Screening**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Petitioner alleges he has been detained by ICE for nearly five months since September 12, 2025, and remains in custody nearly two months after an immigration judge granted him asylum on December 19, 2025, and that such detention violates Petitioner's constitutional and statutory rights. (Doc. 1 ¶¶ 1-2, 5-6). According to his allegations, Petitioner is not subject to a final order

---

[1] The Rules governing 28 U.S.C. § 2254 cases in the United States Courts are appropriately applied to proceedings pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

of removal as DHS filed a Notice of Appeal to the Board of Immigration Appeals ("BIA") on January 16, 2026. *Id.* ¶ 7. Petitioner alleges he has no criminal convictions as "[a]ll prior charges in Case No. 22FE019994 were dismissed on July 19, 2023." *Id.* ¶ 8. Petitioner is a licensed professional and the primary provider for his wife and two children. *Id.* ¶ 9.

Relevant here, "in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds." *Nadaraja v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006); accord *Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008) (holding "the district court has jurisdiction over Torres's habeas petition challenging his detention" in ICE custody).

Because Petitioner alleges he is not the subject of a final order of removal, and he appears to challenge his immigration detention on statutory and constitutional grounds, the Court preliminarily concludes that Petitioner's petition is cognizable under 28 U.S.C. § 2241. In addition, because Petitioner was incarcerated at Mesa Verde ICE Processing Center at the time of filing, and that facility lies within the Eastern District of California, this Court has jurisdiction to proceed to the merits of the petition. *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) ("Federal courts have authority to grant writs of habeas corpus 'within their respective jurisdictions.'") (citing 28 U.S.C. § 2241); *see, e.g.*, *Doe v. Garland*, 109 F.4th 1188, 1197-99 (9th Cir. 2024) (holding that the Eastern District of California exercises jurisdiction over core habeas corpus petitions filed by petitioners confined at a facility within this district).

The Court notes the petition does not allege the governing statutory framework applicable to Petitioner's detention, considering Petitioner's allegations that he was granted asylum following a "full evidentiary hearing on the merits," (Doc. 1 ¶ 6), and it appears that Petitioner has resided with his family in Sacramento, California, since July 2023. Thus, the petitioner does not set forth facts demonstrating whether Petitioner either was encountered by immigration authorities at some point following his entry into the United States and was released, or that Petitioner was never encountered. *Cf. M.F. v. Warden of Otay Mesa Detention Ctr.*, No.: 3:25-cv-3599-CAB-MSB, 2026 WL 172509, at *2-3 (S.D. Cal. Jan. 22, 2026) (granting petition, finding that petitioner, who

5

was granted asylum, was indefinitely detained in violation of Fifth Amendment due process) *with. Harutyunyan v. Warden of the Golden State Annex Detention Facility*, No. 1:25-cv-00859-HBK (HC), 2025 WL 3467495, *2 (E.D. Cal. Dec. 2, 2025) (dismissing petition as moot because petitioner was granted asylum, parties waived any appeal rights thereto making the order granting asylum final, and petitioner was released from custody).

Accordingly, the Court will direct Respondents to include with their response to the petition any argument and documents relevant to the propriety of Petitioner's detention in light of his grant of asylum, including any documents related to any applicable release from custody (*e.g.*, orders of supervision or order of release on recognizance or immigration bond release), asylum proceedings, and identify any evidence that Petitioner is a flight risk or danger to the community to justify his detention.

**Motion for Expedited Consideration**

Separately, Petitioner has filed a motion for expedited consideration of the petition by and through his next friend (Ms. Cholakhiam). (Doc. 3). Petitioner represents that good cause exists for expedited review because he has been detained for "nearly five months" despite an immigration judge granting him asylum on December 19, 2025, he is not subject to a final order of removal, and his continued detention services no legitimate regulatory purpose and results in ongoing irreparable harm. *Id.* at 1-2.

Notwithstanding Petitioner's representations, the Court currently does not have before it sufficient information to assess the merits of the petition or the propriety of granting injunctive relief nor a motion for either a TRO or a preliminary injunction to warrant expedited consideration of his request for immediate release from ICE custody. Accordingly, the Court declines to set this matter for expedited briefing and Petitioner's motion thereto will be denied.

**Conclusion and Order**

This Court has conducted a preliminary review of the petition. It is not clear from the face of the petition whether Petitioner is entitled to relief. Accordingly, pursuant to Habeas Rule 4, the Court HEREBY ORDERS:

1. Irina Cholakhiam's motion for next friend standing (Doc. 2) is GRANTED.

2. Irina Cholakhiam is authorized to proceed in this action as "Next Friend" of Petitioner.

3. Counsel is APPOINTED for Irina Cholakhiam.

4. The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention: Habeas Appointment.

5. Within seven (7) days of the date of service of this order, the Federal Defender, as appointing authority for the Eastern District of California, SHALL:

   a. Identify counsel and send counsel's contact information to the undersigned's courtroom deputy Cori Boren at cboren@caed.uscourts.gov, and counsel will be added as counsel for Irina Cholakhiam, or

   b. If counsel is not with the Federal Defender nor a member of the Eastern District of California Criminal Justice Act Panel, file a motion to appoint counsel as CJA counsel *pro hac vice*.

6. Respondents SHALL FILE a response addressing the merits or seeking dismissal of the Petition within **21 days** of the date of service of this order. Respondents SHALL INCLUDE with the response any and all transcripts or other documents, including documents from Petitioner's A-File (such as notices to appear and orders relating to any release of Petitioner by DHS/ICE) relevant to the resolution of the issues presented in the petition. Habeas Rule 5.

7. Petitioner's TRAVERSE to any Answer or OPPOSITION to any Motion to Dismiss filed by Respondents is due on or before **1` days** from the date Respondents' filing.

8. Petitioner's motion for expedited briefing (Doc. 3) is DENIED.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(g). All provisions of Local Rule 110 are applicable to this Order.

IT IS SO ORDERED.

Dated:   **February 16, 2026**                    _____

UNITED STATES MAGISTRATE JUDGE

7